IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA



Filed/Docketed
May 11, 2023

IN RE:

DAIMON WILLIAM JACOBS,

Debtor.

Case No. 21-10658-M
Chapter 7

ORDER DENYING
MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court pursuant to Trustee's Motion for Summary Judgment Relative to Trustee's Objection to Debtor's Amended Claim of Exemption and Renewed Motion for Turnover (the "Motion"),[1] filed on May 1, 2023, by Patrick J. Malloy III, Trustee herein ("Trustee") of the bankruptcy estate of Daimon William Jacobs ("Debtor"). Although no party in interest has filed an objection to the Motion, the Court finds no grounds to support summary judgment. Accordingly, the Motion must be denied.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.[2] Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). The allowance or disallowance of exemptions from property of the estate is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(B).

---

[1] Docket No. 95.
[2] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

**Background**

In ruling on a previous motion for summary judgment in this case ("*Jacobs I*"),[3] this Court determined that it could not make a summary determination whether certain funds held in an account at Solera Bank (i.e., the Disputed Account) were property of the Debtor's bankruptcy estate.[4] The Court found that specific funds in the Disputed Account, referred to as the Roth IRA Rollover funds and the 401k Loan Proceeds, are property of Debtor's estate and not protected by the state exemption law cited by Debtor in his Schedule C.[5] On March 2, 2023, Debtor filed an Amended Schedule C, in which he claims an exemption for the "Solo-401(k): funds held with Solera National Bank as of 6/6/2021" in the amount of $198,306.44 (the "Amended Exemption Claim").[6] While not conceding that the Disputed Account is property of the estate under § 541(a), Debtor claims all of the funds in the Disputed Account, which would include the Roth IRA Rollover funds and the 401k Loan Proceeds, as exempt under § 522(b)(3)(C) of the Bankruptcy Code.[7] On March 27, 2023, Trustee timely filed Trustee's Objection to Debtor's Amended Claim of Exemption (the "Objection").[8] The single argument raised in the Objection is that Oklahoma law prevents Debtor from utilizing § 522(b)(3)(C) to exempt property of his bankruptcy estate.[9] The Motion seeks a ruling by the Court on that issue, and adds a request to deny the Amended Exemption Claim on the grounds of bad faith. The Court finds neither of Trustee's positions are warranted by existing law.

---

[3] *In re Jacobs*, 648 B.R. 403 (Bankr. N.D. Okla. 2023), at Docket No. 61 (hereinafter "*Jacobs I*"). All defined terms in *Jacobs I* are given the same meaning in this Order.
[4] *Id.* at 411-19.
[5] *Id.* at 422-31. The Court has made no determination whether other grounds for exemption may apply to any or all of the funds in the Disputed Account.
[6] Docket No. 77.
[7] *Id*.
[8] Docket No. 88.
[9] *Id.*

**Analysis**

Commencement of a case under the Bankruptcy Code creates an estate comprised of, among other things, all legal or equitable interests of the debtor in property as of the commencement of the case.[10] Section 522(b) of the Bankruptcy Code governs what property a debtor may exempt from the bankruptcy estate. The statute provides individual debtors must choose between exemptions provided in § 522(b)(2) *or* § 522(b)(3).[11] Section 522(b)(2) directs debtors to a list of property under § 522(d), "unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize."[12] Oklahoma is one such state that has "opted-out" of the federal exemption scheme under § 522(d).[13]

Where, as here, Oklahoma law is applicable to a debtor, the Bankruptcy Code limits the debtor to the exemptions provided in § 522(b)(3), and precludes a debtor from claiming property as exempt using the list contained in § 522(d).[14] Section 522(b)(3)(C) and its companion § 522(d)(12) were added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and

---

[10] § 541(a)(1).
[11] 522(b)(1) ("Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the *property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection.*") (emphasis added). *See also Owen v. Owen*, 500 U.S. 305, 308 (1991); *In re Pardee*, 433 B.R. 377, 389–90 (Bankr. N.D. Okla. 2010).
[12] § 522(b)(2).
[13] Okla. Stat. tit. 31, § 1(B) ("No natural person residing in this state may exempt from the property of the estate in any bankruptcy proceeding the **property specified in subsection (d) of Section 522** of the Bankruptcy Reform Act of 1978, Public Law 95-598, 11 U.S.C.A. 101 et seq., except as may otherwise be expressly permitted under this title or other statutes of this state.") (emphasis added). *See also In re Pardee*, 433 B.R. at 390.
[14] Section 522(b)(3) includes three subparts. Section 522(b)(3)(A) provides the authority for Debtor in this case to exempt property under Oklahoma law. For a thorough discussion of the choice of state law under § 522(b)(3)(A), see *In re Maynor*, No. WO-21-027, 2022 WL 326079 (10th Cir. BAP Feb. 3, 2022). Section 522(b)(3)(B) allows exemption of a debtor's interest as a tenant by the entirety or joint tenant. See *In re Crow*, No. WY-18-083, 2019 WL 6335963 (10th Cir. BAP Nov. 26, 2019), *aff'd in part, appeal dismissed in part,* 987 F.3d 912 (10th Cir. 2021) for a discussion of exemptions under this subsection.

Consumer Protection Act of 2005 ("BAPCPA")[15] to provide a federal exemption to *all* debtors, *regardless of their state of domicile*, for

> retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.[16]

This language is plain and unambiguous.[17] The United States Supreme Court has acknowledged the availability of an exemption under § 522(b)(3)(C) for debtors otherwise claiming exemptions under state law:

> Under § 522, debtors may elect to claim exemptions either under federal law, see § 522(b)(2), or state law, see § 522(b)(3). **Both tracks permit debtors to exempt "retirement funds."** See § 522(b)(3)(C) (retirement funds exemption for debtors proceeding under state law); § 522(d)(12) (identical exemption for debtors proceeding under federal law). Petitioners elected to proceed under state law, so we refer to § 522(b)(3)(C) throughout.[18]

Other courts have acknowledged the availability of a federal exemption for qualifying retirement funds under § 522(b)(3)(C) in addition to state law exemptions:

> With the enactment of BAPCPA in 2005, Congress provided that a debtor who elects or is required to take state exemptions is also entitled to exempt "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." § 522(b)(3)(C). **As a result, debtors in opt-out states like Montana are not limited to the IRA exemption provided by state law but may, independent of state law, claim the exemption under § 522(b)(3)(C), subject to any applicable dollar limitation in § 522(n).** Congress' intent was to preempt conflicting state exemption laws and "to expand the protection for tax-favored retirement plans or arrangements that may not be already protected under

---

[15] Pub. L. No. 109–8, § 224, 119 Stat 23 (2005).
[16] § 522(b)(3)(C); § 522(d)(12).
[17] *See Wyodak Res. Dev. Corp. v. United States*, 637 F.3d 1127, 1135 (10th Cir. 2011) ("[I]t is well-established that, if an act is unambiguous, that ends the matter and resort should not be had to the statutory history."). As noted in *Jacobs I*, whether the funds in the Disputed Account are covered by the exemption statute is a factual matter that remains to be litigated in this case. *Jacobs I*, 648 B.R. at 414-19. This factual dispute does not render the exemption statute ambiguous.
[18] *Clark v. Rameker*, 573 U.S. 122, 124 (2014) (emphasis added).

> [ § ] 541(c)(2) pursuant to *Patterson v. Shumate,* 504 U.S. 753 (1992), or other state or Federal law."[19]

Put simply, neither the Bankruptcy Code nor Oklahoma law provides for an "opt-out" for the right of exemption set forth in § 522(b)(3)(C). Debtor is entitled to avail himself of the exemption rights contained therein. Moreover, this Court recently issued its lengthy opinion in *Jacobs I*, which discussed the availability of § 522(b)(3)(C) as a possible ground for exemption of the property held in the Disputed Account.[20]

The Motion asserts that a debtor may not claim more than one statutory basis for exemption of property at a time, even if the property would be exempt under more than one statute.[21] No authority is cited for this proposition. Regardless, it appears Debtor has abandoned his reliance on the state statute in favor of § 522(b)(3)(C) for exemption of the Disputed Account.[22]

Trustee also asks the Court to disallow the Amended Exemption Claim on the basis of bad faith. As the Court discussed in *Jacobs I*, bankruptcy courts have no "general, equitable power . . . to deny exemptions based on a debtor's bad-faith conduct."[23] That would certainly include the filing of an amendment to a claim of exemption, given the liberal stance taken by the Federal Rules of Bankruptcy Procedure toward such amendments, and the opportunity of all parties in interest to object on the merits of such claims.[24]

---

[19] *In re Golz*, No. 14-61350-7, 2015 WL 7180509, at *2 (Bankr. D. Mont. Nov. 12, 2015) (emphasis added) (quoting H.R. REP. NO. 109–31(1), pt.1 at 63–64 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 88, 132–33).
[20] *See Jacobs I*, 648 B.R. at 419 n.88.
[21] Docket No. 95, at 3 ("Neither the Trustee nor the Court should be required to address two different claims of exemption.").
[22] *See* Amended Exemption Claim, at Docket No. 77.
[23] *Jacobs I*, 648 B.R. at 431–32 (quoting *Law v. Siegel*, 571 U.S. 415, 425 (2014)).
[24] Fed. R. Bankr. P. 1009(a) ("A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed."); Fed. R. Bankr. P. 4003(b)(1) (". . . a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded *or within 30 days*

## Conclusion

The Court finds no cognizable grounds stated in the Motion or Objection to deny Debtor's Amended Exemption Claim in the Disputed Account, including the 401k Loan Proceeds and the Roth IRA Rollover funds.[25] It being the Trustee's burden to prove that exemptions are not properly claimed, the Motion must be denied.[26]

Accordingly,

IT IS THEREFORE ORDERED that the Trustee's Motion for Summary Judgment Relative to Trustee's Objection to Debtor's Amended Claim of Exemption and Renewed Motion for Turnover, filed on May 1, 2023, by Patrick J. Malloy III, Trustee, *at Docket No. 95*, be, and the same hereby is, denied.

Dated this 11th day of May, 2023.

BY THE COURT:

TERRENCE L. MICHAEL, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

7838v3

---

*after any amendment to the list or supplemental schedules is filed, whichever is later*.") (emphasis added); *In re Baker*, 791 F.3d 677, 681 (6th Cir. 2015) ("[T]he Bankruptcy Code does not grant courts authority to disallow an exemption (or disallow amendment of schedules to claim an exemption) based on a debtor's fraudulent concealment of assets alleged to be exempt or other bad-faith conduct.") (citing *Law v. Siegel*); *In re Grant*, 658 Fed. Appx. 411 (10th Cir. 2016) (citing *In re Baker*).

[25] *See* note 3 regarding the meaning of these defined terms.

[26] Fed. R. Bankr. P. 4003(c); *In re Lampe*, 331 F.3d 750, 754 (10th Cir. 2003) ("Once a debtor claims an exemption, the objecting party bears the burden of proving the exemption is not properly claimed."); *In re Pardee*, 433 B.R. 377, 391 (Bankr. N.D. Okla. 2010) (same).